# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-10003

————

ERNEST BENTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2020

Lyle W. Cayce
Clerk

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-15

————

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Ernest Benton, Texas prisoner # 1846243, has applied for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition. Benton filed the § 2254 petition to challenge his jury trial convictions of aggravated sexual assault of a child and indecency with a child.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10003

537 U.S. 322, 336 (2003).  If the district court denies relief on the merits, the petitioner must establish that reasonable jurists would find the district court's assessment of the claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If relief is denied on procedural grounds, a COA should issue if the petitioner demonstrates, at least, that jurists of reason would find it debatable whether the application "states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In reliance on *Vela v. Estelle*, 708 F.2d 954 (5th Cir. 1983), Benton contends that the district court erred in determining that his jury misconduct claim was unexhausted.  He argues that he can establish cause and prejudice to excuse the procedural default of the claim based on his trial counsel's ineffective assistance with respect to the jury misconduct issue, and he asserts that he should have been granted an evidentiary hearing.  He contends that the district court erred by failing to liberally construe his pro se filings.  Benton also renews his claim that the evidence was insufficient to show that he penetrated the sexual organ of the victim.

Benton has failed to make the requisite showing.  *See Slack*, 529 U.S. at 484.  Accordingly, his request for a COA is DENIED.  We construe Benton's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM, *see Cullen v. Pinholster*, 563 U.S. 170, 181, 185-86 (2011).

2